UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO.**

FILED BY_____ D.C.

NOV 18 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

BENZO ELIAS RUDNIKAS

      Plaintiff,

v.

FIDELITY BROKERAGE SERVICES, LLC
STATE OF FLORIDA, GOVERNOR RON DESANTIS,
THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
JORGE E. CUETO, NUSHIN G. SAYFIE,
MARIA MERCEDES RUDNIKAS, STOKES & GONZALEZ, P.A.,

      Defendant(s).

_____/

## COMPLAINT

    Plaintiff, BENZO ELIAS RUDNIKAS, pursuant to the Federal Rules of Civil Procedure 15 and the Local Rules of the S.D.F.L., hereby files this complaint suing Defendant(s) and states the following:

## PRELMINARY STATEMENT

    This lawsuit is related to the current pending lawsuit before the Honorable Jose E Martinez of the S.D.F.L. in *Rudnikas v. State of Florida, et. al.;* case # 24-CV-22031-JEM and previously voluntarily dismissed lawsuit: *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM. On September 6, 2024, the Honorable United States Magistrate Judge Eduardo I. Sanchez, issued a report and recommendation in *Rudnikas v. Gonzalez, et. a*l.; 23-CV-21201-JEM, where he pointed out all the deficiencies in Plaintiff's operative complaint for said lawsuit including the finding that Plaintiff did not have enough evidence yet to state a claim under the Federal Defend Trade Secrets Act and further pointed out that even though Plaintiff's grandmother passed away during the course of the litigation, Article III standing is established at the time the lawsuit is filed. Hence, Plaintiff has refiled this lawsuit post his grandmother's death and is filing the evidence for the Federal Defend Trade Secrets Act that was stored in his homestead at <u>319 Bird Road, Coral Gables, FL 33146</u>, ownership that inured on May 29, 2024 and of which Plaintiff came into possession of when he moved into the property, under separate cover under seal. Same is incorporated by reference. These are the specific trade secrets that were misappropriated by

Stokes & Gonzalez, P.A. That said, Plaintiff is also including some claims that accrued on or after May 29, 2024, the date of his grandmother's unfortunate death and/or claims that were previously asserted of which U.S. Magistrate Judge Sanchez determined that Plaintiff did not have standing to bring at the time they were initially brought, but otherwise, now has unequivocal Article III standing to bring, including an action to recover the Fidelity Retirement Account of Marta Santander Rudnikas of which Benzo Elias Rudnikas became a 50% owner of on May 29, 2024 at the moment of his grandmother's death. This lawsuit is also to recover his grandmother's social security funds at BankUnited, N.A. that Plaintiff became the 50% owner of on May 29, 2024, that was misappropriated in bad faith by Fausto Antonio Rosales, Max Andres Lopez, The Law Office of Fausto A. Rosales, P.A., and Maria Mercedes Rudnikas.

## PARTIES

1.      Plaintiff, BENZO ELIAS RUDNIKAS, is *sui juris* and was/is the Plaintiff in the related cases: *Rudnikas v. Gonzalez*, et. al., Case # 23-CV-21201-JEM *("Rudnikas 1"); Rudnikas v. State of Florida, et. al.*, Case # 24-CV-22031-JEM ("*Rudnikas 2*") and the Defendant in the two removed actions: *State of Florida v. Rudnikas*, Case # 24-CV-22733-JEM; *State of Florida v. Rudnikas*, Case # 24-CV-23364-JEM. Plaintiff's ongoing participation in these lawsuits as well as the removed actions are protected activities under Title V of the ADA. Plaintiff, BENZO ELIAS RUDNIKAS, was also the Plaintiff in *Rudnikas v. Nova Se. Univ.*, No. 21-12801 (11th Cir. Dec. 27, 2022) and Plaintiff's participation in said lawsuit, including the subsequent appeal to the United States Supreme Court[1], is also a protected activity under Title V of the ADA. Additionally, Plaintiff, BENZO ELIAS RUDNIKAS, is a twenty-nine-year-old male residing in Miami-Dade County at the homestead property he owns at <u>319 Bird Road, Unit 321, Coral Gables, FL 33146</u>.

---

Supreme Court Justice Clarence Thomas granted Plaintiff an extension of time to file a Petition for Writ of Certiorari on July 18, 2023, extending the deadline to file a Petition for a Writ of Certiorari, to and through August 18, 2023. *See* Case No. 23A43. The Petition for Writ of Certiorari was timely filed on August 18, 2023, but never docketed due to formatting requirements. The Supreme Court Clerk gave Plaintiff (60) sixty days to correct the formatting requirements and refile the corrected Petition for Writ of Certiorari. Same was ultimately unnecessary however, as the parties entered in a confidential settlement agreement before the (60) sixty deadline for Plaintiff to refile his Petition. *See Notice of Confidential Settlement Agreement and Notice of Voluntary Dismissal with Prejudice* filed November 7, 2023. Case No.: 1:19-cv-25148 -JEM, [DE 195].

2.      He is the son of Elias Benzo Rudnikas (deceased on November 17, 2021) and grandson of Marta Santander Rudnikas (deceased on May 29, 2024). He is the successor in interest, heir at law, beneficiary, and next of kin of his grandmother, Marta Santander Rudnikas, a former of the Ward of the State. In turn Marta Santander Rudnikas, was the sole 100% beneficiary of the Estate of Elias B. Rudnikas. As such, under Florida's Anti-Lapse Statute, Plaintiff BENZO ELIAS RUDNIKAS inherits the entire estate of Elias B. Rudnikas as the beneficiary of the Estate of Marta Santander Rudnikas.[2]

Further, under Florida Laws of Intestate Succession, Plaintiff's standing with respect to his property rights vested immediately at the moment of his grandmother's death on May 29, 2024. *See* Florida Statute 732.101 "Intestate estate.—(1)   Any part of the estate of a decedent not effectively disposed of by will passes to the decedent's heirs as prescribed in the following sections of this code. **(2)   The decedent's death is the event that vests the heirs' right to the decedent's intestate property." (emphasis added).**

3.      Under Florida Law, Plaintiff is entitled to be appointed the Personal Representative of the Estate of Marta Santander Rudnikas. As the primary beneficiary of the estate of Marta Santander Rudnikas, entitled to be appointed the Personal Representative of the Estate of Marta Santander Rudnikas, Plaintiff has standing to bring the claims against all the Defendants in this lawsuit. Further, under Florida Law and Florida Statutes, Plaintiff, as the next of kin grandson and beneficiary of the Ward's estate, has standing to sue for claims related to removing and surcharging the State of Florida's Non-Family member (corrupt) Guardian of the Property, Elena Z. George, the wife of disbarred attorney Joseph P. George Jr., for her breach of fiduciary duty. *Bivins v. Rogers*, 147 So. 3d 549, 551 (Fla. Dist. Ct. App. 2014) ("The statutory scheme gives... the son as next of kin...the right to petition for removal of the guardian."). Plaintiff's standing to remove and surcharge the guardian and regarding financial matters of the Ward, was further affirmed by the Third District Court of Appeal in February 2024, when they

---

[2] Plaintiff is also seeking a Declaratory Judgment count to deem him the sole beneficiary of the Estate of Marta Santander Rudnikas in light of the fact that Maria Mercedes Rudnikas' misappropriation of the her own incompetent grandmother's social security income constitutes exploitation of a disabled vulnerable adult. As such, by operation of law, Maria Mercedes Rudnikas is automatically disinherited under the applicable Florida Statute and receives nothing from the Estate of Marta Santander Rudnikas. *See* Florida Statute 732.8031.

denied the Motion to Dismiss Appeal filed by the State of Florida's Guardian that argued that Plaintiff lacked standing with respect to financial matters of the Ward. *See* Third DCA Case No. 23-2184. Further, in light of Florida's Anti-Lapse Statute, he now unequivocal Article III standing to force the State Defendants to remove the Personal Representative of the Estate of Elias B. Rudnikas, MERCEDES G. GONZALEZ, who has turned the civil probate case known as the Estate of Elias B. Rudnikas, into a retaliatory ex post facto criminal prosecution against Plaintiff. *See State of Florida v. Rudnikas*; Case # 24-CV-22733-JEM.

4.  Plaintiff has a qualifying disability impairment under the ADA that substantially limits him in performing one or more major life activities, when compared to the rest of population, including, thinking, reading and learning, without regard to mitigating measures as permitted by the ADA Amendments Act of 2008. Plaintiff also has a record of such an impairment. Specifically, Plaintiff was diagnosed with Attention-Deficit Hyperactivity Disorder ("ADHD") at the age of five (5) and has been receiving daily medication since his diagnosis. Because of his disability impairment, Plaintiff requires, more time, when compared with the rest of the population, to perform the aforementioned major life activities when it comes to standardized tests and other educational assessments. As such, Plaintiff has received extra time on standardized tests and assessments from elementary through his post-secondary education and graduate school in order to achieve his academic potential and put him on a level playing field with his peers. *Redding v. Nova Se. Univ., Inc.,* 165 F. Supp. 3d 1274, 1299 (S.D. Fla. 2015) ("Meaningful participation and access to an academic program includes the opportunity to advance to the next academic year on the regular schedule and to achieve one's academic potential on a level playing field with one's peers."). Copies of all of Plaintiff's medical records related to his qualifying disability under the ADA were kept by Plaintiff's father, Elias B. Rudnikas, at his law office located at 3670 NW 6th Street, Miami, FL 33125.

5.  Marta Santander Rudnikas was a Ward of the State of Florida and had a qualifying disability that substantially limited her in performing one or more major life activities. Specifically, her Alzheimer's disability was a mental impairment that rendered her incompetent, nonverbal, and in need of 24-hour hospice care at 319 Bird Road, Coral Gables, FL 33146 (her homestead). Her disability mental impairment substantially limits her in conducting the following major life activities: caring for oneself, performing manual tasks, eating, sleeping, walking, standing, lifting, bending, speaking, learning, reading, concentrating, thinking,

communicating, etc. Marta Santander Rudnikas required the reasonable accommodation of caretakers and nurses to assist her in conducting these major life activities. She also required the reasonable accommodation of a Guardian (without a conflict of interest), or fiduciary, to meaningfully participate in the estate proceedings of Elias B. Rudnikas and Guardianship proceedings of Marta Santander Rudnikas. She also required this accommodation by the State of Florida to make sure she was not exploited, abused, or neglected by others with respect to her finances or the inheritance she was supposed to receive from her son, Elias B. Rudnikas (deceased), via pay on death bank accounts, intervivos trusts, life insurance policies, retirement accounts, annuity policies, and the multi-million dollar law practice her son left, all non-probate assets that are not part of the estate inventory and unfortunately, not part of the State of Florida's Guardianship final accounting at this time.

6.     Defendant, FIDELITY BROKERAGE SERVICES, LLC, (hereinafter "FIDELITY"), otherwise known as Fidelity Brokerage Services LLC, Member NYSE, SIPC, 900 Salem Street, Smithfield, RI 02917, is a Delaware limited liability company with it's principal place of business at the two following locations: 245 Summer Street, V4c, Boston, Ma 02210 and 900 Salem Street, Smithfield, RI 02917. The company conducts business all over State of Florida including the geographical area that encompasses the Southern District of Florida and purposefully avails itself of the privilege of conducting activities in this State. And is therefore subject to the personal jurisdiction of this Court. The company can be served via it's registered agent in Florida: C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

7.     In fact, Fidelity is one of the largest financial investment companies in the world with tens of billions of dollars in assets under its management including 401k retirement accounts, IRA retirement accounts, and/or mutual fund retirement accounts of hundreds of thousands of Americans all over the country. Under federal and state law, Fidelity has a fiduciary duty and legal obligation to maintain reasonably efficient security measures to prevent fraud and prevent unauthorized users from accessing retirement accounts of its account holders including those of incompetent disabled vulnerable adult Wards of the State, such as Marta Santander Rudnikas. Upon information and belief, the number of 401(k) and IRA accounts Fidelity runs and manages with over $1,000,000.00 accumulated in them is approximately 485,000. Based on their own records, the average accumulated balance in these accounts per holder is $1.46 million.

That said, given the amount of money they are entrusted with and the applicable federal and state law they are bound by, it was fidelity's legal responsibility to make sure the fidelity retirement account in the name of Marta Santander Rudnikas, was deposited into the Guardianship of Marta Santander Rudnikas restricted depository at SEACOAST BANKING CORPORATION OF FLORIDA when same was established in August of 2022 and it was the responsibility of Fidelity to freeze the account of Marta Santander Rudnikas after Benzo Elias Rudnikas informed Fidelity's fraud department and General Counsel of the likely unauthorized access and withdrawals to that account and informed their fraud department of Marta Santander Rudnikas's unfortunate death that occurred on May 29, 2024, based on the circumstantial evidence he found abandoned at 319 Bird Road, Coral Gables, FL 33146.

8.      Defendant, the STATE OF FLORIDA, was a Defendant in *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM and in *Rudnikas v. State of Florida; et. al.; Case # 24-CV-22031-JEM.* The State of Florida is a sovereign public entity within the meaning of Title II of the Americans with Disabilities Act. The sovereign entity constitutes all branches and forms of state and local government including the legislative branch, the executive branch, and the judicial branch of the State including all the government entities responsible in protecting the now deceased Ward, Marta Santander Rudnikas. A few non exhaustive examples are the Florida Department of Elder Affairs, the Florida Department of Children & Families, the Eleventh Judicial Circuit of Florida, the Third District Court of Appeal, the Florida Supreme Court, the Florida Attorney General's Office, the Florida Bar, Miami Dade Clerk of Court, Clerk of Court Corporation, the Office of the Miami Dade County Mayor Daniella Cava (who unfroze the funds of the Miami Dade Guardianship Program), the Miami Dade County Police Department Financial Crimes Division, Coral Gables Police Department, etc. The State administers and funds services for disabled incompetent vulnerable adults including for its disabled Wards such as Marta Santander Rudnikas (deceased on May 29, 2024), through these various agencies, departments, entities, and programs that are subject to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The State is also a federal fund recipient through the Older Americans Act and administers programs subject to Section 504 of the Rehabilitation Act of 1973. Specifically, the State of Florida receives millions of dollars per year from the Federal Government through the Federal Older Americans Act (for some reason none of this money was ever allocated to Plaintiff's grandmother).

9.      Under Florida Law, the State of Florida was the Supreme Guardian of Marta Santander Rudnikas, a Ward of *the State. The State* declared Marta Santander Rudnikas to be incompetent and took away her constitutional rights. *K.A.S. v. R.E.T*, 914 So. 2d 1056, 1061 (Fla. Dist. Ct. App. 2005) ("The California appellate court rejected the guardian's arguments and affirmed the trial court's order for visitation by the maternal grandparents. The court began its analysis by noting that California's probate courts occupy the same position as the English court of chancery and recalling Blackstone's description of that court as "the supreme guardian and [having] superintendent jurisdiction over all of the infants of the Kingdom....In Florida, as in California, the power and responsibility of a court exercising guardianship jurisdiction over minors is such that the court itself is considered to be the minor's guardian. Thus, the legal guardian of a minor is regarded as the agent of the court and of the state in the discharge of his duty as such."").The Florida Legislature has also made the State, via the Director of the Florida Department of Elder Affairs, explicitly responsible for the conduct of all public and professional guardian in Florida. *See* Fla. Stat. 744.2001 ("(2)   The executive director **shall....(a)   Have oversight responsibilities for all public and professional guardians.")(emphasis added).** Lastly, any argument by the state that Elena Z. George is a "private guardian" is frivolous because the only time that "private guardian" is explicitly discussed in Chapter 744 is in the section titled "Legislative Intent" whereby the Florida Legislature indicates that a private guardian is a family member guardian. Elena Z. George is not a family member and she has relinquished power to Defendant Mercedes G. Gonzalez Artiles. This is proven by the fact that Defendant BILLBROUGH, the attorney/firm for the Personal Representative of the Estate of Elias B. Rudnikas in *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM [ECF 7], also filed an appearance in said case on behalf of State of Florida's Guardian Elena Z. George in early March 2024 [ECF 82], notwithstanding the impermissible conflict of interest that warrants federal disbarment by the Honorable Jose E Martinez of George Bartram Billbrough. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it.") (alteration added; citation omitted). Same was akin to a Guardian and Guardian Ad Litem being represented by the same attorney. More importantly, the private guardian argument fails as a matter of Florida law. *In re Wright*, 668 So. 2d 661, 663 (Fla. Dist. Ct. App. 1996) ("Appellant's position as a court-appointed guardian was not that of a private individual serving a private interest, but rather that

of an arm of the court fulfilling a regulated function."). The State of Florida, via the Miami Dade Clerk of Court, is also responsible for the approval of the accounting filed by the Guardian of Marta Santander Rudnikas on August 26, 2024 that failed to include the Ward's social security funds deposited at BankUnited, NA., failed to include the 3670 NW 6th Street, Miami, FL 33125, and failed to include any records pertaining to the fidelity investments retirement account that is in the name of Marta Santander Rudnikas (deliberate indifference).

10.    The State is subject to the jurisdiction of this Federal Court and its Eleventh Amendment Immunity is abrogated under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, with both injunctive relief and damages available to a prospective Plaintiff. *See Tennessee v. Lane*, 541 U.S. 509 (2004); *see also U.S. v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]n so far as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). *Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 774 (11th Cir. 2020); (quoting *Garrett v. Univ. of Ala. Birmingham Bd. of Trs.*, 344 F.3d 1288, 1290–91 (11th Cir. 2003)) ("Under the Rehabilitation Act, a state waives its sovereign immunity if it receives federal financial assistance."); *see* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . .").

11.    Additionally, the State of Florida is a sovereign public entity subject to causes of action alleging violations of 42 U.S.C. § 12203(a)-(b) in situations where the state has already been sued by the respective Plaintiff under Title II of The Americans with Disabilities Act alleging unconstitutional denials of the fundamental rights of access to the Courts, as relevant here. *See Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM [DE 64]; *See Rudnikas v. State of Florida, et. al.*; Case # 24-CV-22031-JEM [ECF 73]. Pursuant to Fed. R. Civ. P. 4, the State of Florida is served by delivering a copy of the summons and this complaint to its Chief Executive Officer, Governor Ron De Santis at the following address: <u>The Alliance Center, 113 S. Monroe St., Tallahassee, Florida 32301.</u>

12.    Defendant, GOVERNOR RON DESANTIS (hereinafter "GOVERNOR"), is a person, individual, and public entity within the meaning of the Title II of the Americans with Disabilities Act, subject to this Court's jurisdiction. The Governor is the supreme executive power in the State of Florida. Article IV, Section 1(a) of the Florida Constitution provides that

"he shall take care that the laws be faithfully executed, commission all officers of the state and counties, and transact all necessary business with the officers of government." Governor DeSantis is the Chief Executive Officer of the State of Florida, a sovereign, public entity within the meaning of Title II of the Americans with Disabilities Act and has supervisory responsibility over Defendant, the State of Florida, the Supreme Guardian of Marta Santander Rudnikas, a Ward of the State of Florida.

13.     Given his supervisory capacity and responsibility as the Chief Executive Officer, in making sure all the laws are faithfully executed, Governor DeSantis had a legal obligation under Title II of the ADA to ensure that Defendant, The State of Florida, provided the Ward, Marta Santander Rudnikas, with her constitutional right of meaningful access to the state court proceedings pending in Miami Dade County by removing non-family member Elena Z. George as the Guardian of Marta Santander Rudnikas and appointing her grandson, Plaintiff, BENZO ELIAS RUDNIKAS, as the Successor Guardian. Governor Ron De Santis, as the Chief Executive Officer of the State of Florida, had/has oversight responsibility over the Secretary and Director of the Department of Elder Affairs, Michelle Branham, who in turn has oversight responsibility over all public and professional guardians including Elena Z. George. *See* Fla. Stat. 744.2001 (2) (a). The Florida Legislature has also made Governor's supervisory role with respect to Guardianships more direct as noted by the fact that all Professional and Public Guardians of incompetent Wards in the State of Florida, including Elena Z. George, are required to have their guardianship bonds made payable to the Governor. *See* Fla Stat. 744.2003 ("The bond must be payable to the Governor of the State of Florida and his or her successors in office and conditioned on the faithful performance of all duties by the guardian."). Lastly, the specific relief sought in this complaint is consistent with the Florida Guardianship Bill that Governor DeSantis signed in 2020 prohibiting nonfamily member Guardians from applying to be Guardian unless they were related to the Ward and other actions Governor DESANTIS has taken in attempt to limit Court appointed Guardians in Florida, but to no avail. Plaintiff sues Governor Ron De Santis in his official capacity. The Governor can be served at the following address: The Alliance Center, 113 S. Monroe St., Tallahassee, Florida 32301.

14.     Defendant, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, is a public entity with the meaning of Title II of the Americans with Disabilities Act, located within this judicial district. The entity presides overall Miami Dade County and Circuit Court proceedings

and relevant here, presides over the relevant state court proceedings referenced in this complaint that are subject to Title II of the ADA and Section 504 of the RA. The entity's Eleventh Amendment Immunity is abrogated under both Title II of the ADA and Section 504 of the Rehabilitation act of 1973. The entity is a program or activity and federal fund recipient within the meaning of Section 504 of the Rehabilitation Act of 1973. Additionally, the Eleventh Judicial Circuit of Florida is an arm/instrumentality of Defendant, the State of Florida. The Eleventh Judicial Circuit of Florida is also a state created governmental organization of the State of Florida within the meaning of Fed. R. Civ. P. 4 and can be served by delivering a copy of the summons and the complaint to the State of Florida's Chief Executive Officer, Governor Ron De Santis at the following address: The Alliance Center, 113 S. Monroe St., Tallahassee, Florida 32301. The entity can also be served via its General Counsel, Patricia Gladson, at the following address: 175 NW 1st Ave, Room 3033, Miami, FL.

15.    Defendant, NUSHIN G. SAYFIE (hereinafter "SAYFIE"), is a person, individual, and public entity within the meaning of Title II of the ADA and Title V of the ADA. More specifically, Defendant SAYFIE is an instrumentality of the State of Florida and its arm, the Eleventh Judicial Circuit of Florida, public entities within the meaning of Title II of the ADA, by virtue of being the Chief Judge of the Eleventh Judicial Circuit of Florida. Defendant SAYFIE sits in a supervisory capacity over all judges and employees in the Eleventh Judicial Circuit of Florida, including Defendant CUETO. Plaintiff sues Defendant SAYFIE, in her official capacity, for among other things, the discriminatory, unconstitutional denial of access to the Courts, as permitted by the U.S Supreme Court's holding in *Tennessee v. Lane*, 541 U.S. 509 (2004) and the Eleventh Circuit's holding in *McCauley v. Georgia*, 466 F. App'x 832, 837 (11th Cir. 2012) ("Under *Lane*, the Bibb County court and Judge Self are not immune from McCauley's claim that she was denied access to the court based on her disability."). Further, under Eleventh Circuit Law, Plaintiff is permitted to sue Defendant, SAYFIE, in her individual capacity as it relates to the claims under 42 U.S.C. § 12203(a)-(b) of Title V of the ADA. *Shotz v. City of Plantation*, 344 F.3d 1161, 1163 (11th Cir. 2003) ("As a matter of first impression, we decide that § 12203 establishes individual liability for a violation of its prohibitions, where the "act or practice" opposed is one made unlawful by Subchapter II"). Accordingly, Plaintiff also sues Defendant SAYFIE, in her official capacity and in her individual capacity, for the claims 42 U.S.C. § 12203(a)-(b). Additionally, Plaintiff also sues Defendant SAYFIE individually for the claim of

intentional infliction of emotional distress with respect to the ***ex-post facto*** retaliatory criminal proceedings that she allowed Defendant CUETO and STATE OF FLORIDA, to retroactively initiate against Plaintiff on June 13, 2024 in a civil probate case only after Plaintiff had already served the Eleventh Judicial Circuit with the summons and complaint for *Rudnikas 2* on June 4, 2024. The claim is permitted by the U.S Supreme Court's holding in *Bradley v. Fisher*, 80 U.S. 335, 352 (1871) ("Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority"). Defendant SAYFIE resides in this judicial district and can be served at the following address: <u>175 NW 1ST AVE, ROOM 3045, MIAMI, FL 33128.</u>

16.    Defendant, JORGE E. CUETO (hereinafter "CUETO"), is a person, individual, and public entity within the meaning of Title II of the ADA and Title V of the ADA. Defendant CUETO is an instrumentality of the State of Florida and its arm, the Eleventh Judicial Circuit of Florida, public entities with the meaning of Title II of the ADA, by virtue of being the Eleventh Judicial Circuit of Florida's assigned successor probate Judge for the relevant state court proceedings in the Estate of Elias B. Rudnikas; Case # 22-000238 and Guardianship of Marta Santander Rudnikas; 22-003196-GD-02.[3] Defendant, CUETO, became the successor probate judge over those cases after Plaintiff, proceeding *pro se,* successfully disqualified the Eleventh Judicial Circuit of Florida's previous Judge on December 21, 2023, for an unconstitutional discriminatory bias and prejudice harbored against Plaintiff in rendering an Order on May 22, 2023, that purportedly did not let Plaintiff filed documents without an attorney, violating his Fourteenth Amendment Constitutional Right of Access to the Courts. *See Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM, [ECF 58-5]. Defendant CUETO is also a person and individual subject to individual liability under 42 U.S.C. § 12203(a)-(b) of Title V of The ADA. *Shotz v. City of Plantation*, 344 F.3d 1161, 1163 (11th Cir. 2003) ("As a matter of first impression, we decide that § 12203 establishes individual liability for a violation of its prohibitions, where the "act or practice" opposed is one made unlawful by Subchapter II"). Defendant CUETO is also responsible for having the State of Florida initiate the ***expost facto***

---

[3] However, Judge Cueto did not preside over the administrative Law Practice of Elias B. Rudnikas proceeding with the Florida Bar, only Judge Sayfie.

retaliatory criminal proceedings on June 13, 2024 against Plaintiff in a civil probate case, only after he became aware of Plaintiff's protected activity of filing *Rudnikas 2,* when Plaintiff served the Eleventh Judicial Circuit with the summons on June 4, 2024. Like Defendant SAYFIE, Plaintiff sues Defendant CUETO in both his official and individual capacity and relies in part on *Bradley v. Fisher,* 80 U.S. 335, 352 (1871) given that he is a probate Judge holding criminal proceedings. Defendant CUETO is also the State Court Judge presiding over the Estate of Marta Santander Rudnikas and therefore, the main state official who has power to grant Plaintiff's petition for letters of administration as the Personal Representative of the Estate of Marta Santander Rudnikas. Defendant CUETO resides in this judicial district and can be served at the following address: 175 NW 1ST AVE, ROOM 3045, MIAMI, FL 33128.

17.    Defendant, MARIA MERCEDES RUDNIKAS (hereinafter "MMR") is an individual, *sui juris,* the daughter of Mercedes Gisela Gonzalez (Artiles), and the ***disinherited daughter*** of Elias B. Rudnikas. That said, upon information and belief, according to previous court records she submitted under the penalty of perjury, Defendant Maria Mercedes Rudnikas, permanently resides overseas at the following address: Calle Aramayona 4, 4C, Madrid, Spain 28022.

18.    Defendant, STOKES & GONZALEZ, P.A., (hereinafter "SGPA"") is a Florida Profit Corporation, private entity, and Law Firm, situated within this judicial district, with its principal place of business located at 7300 NORTH KENDALL DRIVE, SUITE 519, MIAMI, FL 33156. The President of SGPA is Mark L. Stokes and the Vice President is Jacinto J. Gonzalez. It is a Defendant is subject to 42 U.S.C. § 12203(a)-(b) and is a person subject 42 U.S.C. § 1985(2), as well as any other causes of action it is being sued for in this complaint.

## JURISDICTION & VENUE

19. This is an action for declaratory relief, injunctive relief, & damages pursuant to 42 U.S.C. § 12132 *et. seq.* for disability discrimination claims brought under Title II of the Americans with Disabilities Act; 42 U.S.C. § 12203 (a)-(b) *et. seq.* for ADA retaliation, interference, intimidation, and coercion claims brought under Title V of the Americans with Disabilities Act; 29 U.S.C. § 794 for claims brought Section 504 of the Rehabilitation Act of 1973; 18 U.S.C. § 1030 *et seq* for claims brought under the Federal Computer Fraud and Abuse Act; 18 U.S.C. § 1836 *et seq.* for claims brought under the Federal Defend Trade Secrets Act.

20. This is also an action for tortious interference with an inheritance and a declaratory judgment under Florida Statute 86.041.

21. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the claims arise under the Law of the United States.

22. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

23. Venue for this action vests pursuant to 28 U.S.C. § 1391(b) in that Defendants are situated in this judicial district and the causes of action accrued in this judicial district.

## FACTS

24.     Pursuant to Fed. R. Civ. P. 10, Plaintiff adopts and incorporates by reference paragraph 25-72 of Plaintiff's second amended complaint [DE 64] in the related case that was voluntarily dismissed without prejudice: *Rudnikas v. Gonzalez, et. al*. Case # 23-CV-21201-JEM, as if set forth fully herein.

25.     Further, pursuant to Fed. R. Civ. P. 10, Plaintiff adopts and incorporates by reference paragraphs 32-128 of the verified amended complaint in *Rudnikas v. State of Florida, et. al*.; 24-CV-22031-JEM, as if set forth fully herein and further states the following:

26.     On May 28, 2024, Plaintiff engaged in the federally protected activity of filing a Title II ADA lawsuit against the State of Florida and it's instrumentalities. *See Rudnikas v. State of Florida*, et. al.; Case # 24-CV-22031-JEM. The state defendants in said lawsuit include Defendants STATE OF FLORIDA, GOVERNOR, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, AND SAYFIE.

27.     On June 4, 2024, Plaintiff served the State of Florida, the Governor, and the Eleventh Judicial Circuit of Florida with a copy of the summons and the complaint for *Rudnikas v. State of Florida, et. al*.; case # 24-CV-22031-JEM, making them aware of Plaintiff's federally protected activity. By extension, by serving the Eleventh Judicial Circuit of Florida, Plaintiff also made Defendants SAYFIE and CUETO aware of Plaintiff's federally protected activity.

28.     On June 16, 2024, less than one month after the decision makers became aware of Plaintiff's federally protected activity, Defendants STATE OF FLORIDA, GOVERNOR, ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, AND SAYFIE, took the adverse action of  charging Plaitiff with the crime of criminal contempt on a ex post facto basis for

engaging in the federally protected activity of recording  federal lis pendens for his first Federal ADA lawsuit in *Rudnikas v. Gonzalez, et. al.*; Case # 24-CV-22031-JEM.

29.     The criminal contempt Order referenced a federal lis pendens recorded in November 2023 and another one recorded in March 2024. Both pertain to Plaintiff's participation in his federally protected ADA lawsuit against the State of Florida: Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM.

30.     Posed otherwise, Defendants STATE OF FLORIDA, GOVERNOR, ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, AND SAYFIE, waited several months after Plaintiff recorded his federal lis pendens and only immediately after becoming aware that Plaintiff engaged in the federally protected activity of filing *Rudnikas 2*, to charge with the crime of criminal contempt on an expost facto basis for recording a federal lis pendens for a commercial property that Plaintiff had already legally inherited as of May 29, 2024 under Florida's Anti-Lapse Statute.

31.     It is Defendants STATE OF FLORIDA, GOVERNOR, ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, AND SAYFIE's burden to come forward with a non-retaltiory reason, through admissible evidence, as to why they did not initate the expost facto criminal contempt prosecution months earlier and only waited until after they were served with *Rudnikas 2* to initiate same.

32.     Because the adverse action occurred within the one month of the decision maker's awareness of Plaintiff's federally protcted activity, casual relation through temporal proximity is established as a matter of binding Eleventh Circuit Law. *See Shotz v. City of Plantation,* 11th Cir (2003).

33.     Further, on July 2, 2024, less than one month after the State Defendants decision makers became aware of Plaintiff's federally protected activity, Defendants STATE OF FLORIDA, DESANTIS, ELEVENTH JUDICIAL CIRCUIT, CUETO, AND SAYFIE took the adverse action of granting $500,000.00 worth of exparte attorneys fees without any notice, hearing, or any due process whatsoever against Plaintiff's inheritance that vested to him on May 29, 2024. More specifically, they granted in the estate of Elias B. Rudnikas to George Bartram Billbrough and Luis E. Barreto: 1) *exparte* state court appellate fees had already been denied by the Third DCA in March 2024; 2) federal attorneys fees that needed to be awarded by the Federal Court presiding over *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM under Fed.

R. Civ. P. 54; 3) and guardianship fees that only the Guardian's attorney, Alex Cuello, could charge in the guardianship of Marta Santander Rudnikas and of which Mr. Cuello had already been paid (deliberate indifference).

34.     Plaintiff, BENZO ELIAS RUDNIKAS, could not object to the predatory unconstitutional, discriminatory, inflated predatory attorney's fees because the STATE OF FLORIDA, GOVERNOR, ELEVENTH JUDICIAL CIRCUIT, SAYFIE, CUETO, coerced and intimidated Plaintiff, on account of Plaintiff having exercised the federally protected activity of filing and participating in *Rudnikas 1* and *Rudnikas 2*, from objecting by initiating a retaliatory ex post facto criminal prosecution during the relevant time period where Plaintiff could have objected.

35.     Neither the State of Florida's Guardian, Elena Z. George, nor her attorney, Alex Cuello, objected to these predatory fees.

36.     On August 26, 2022, the State of Florida, via it's instrumentalities, approved a final audit with respect to the Guardians' final accounting e-filed by Alex Cuello simply instructing the Guardian to correct a typo, but otherwise not instructing the Guardian to marshall all the assets of the Ward including the Ward's social security income, the Ward's fidelity retirement account, and the Ward's real property parcel located at 3670 NW 6th Street, Miami, FL 33125.

37.     Around September 2024, Plaintiff gained access to his homestead property at 319 Bird Road, Coral Gables, FL 33146.

38.     Plaintiff found a bunch of useful evidence left abandoned at the homestead property at 319 Bird Road, including law practice boxes, back up CD-Roms, hard drives, USBs, books, documents, and countless folders ,including folders titled "Fidelity Investments Marta Santander Rudnikas" "Stokes", "BankUnited Personal Carbons",  etc. as well as random financial records belonging to Claudia Vasconcellos and other circumstantial evidence, documents, and papers that were left abandoned.

39.     Plaintiff also came to the realization that the State of Florida's Guardian had completely mismanaged the property.

40.     Specifically, Defendant's STATE OF FLORIDA, GOVERNOR, ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, SAYFIE, AND CUETO allowed the it's Guardian, Elena Z. George, to completely mismanage the homestead property at 319 Bird Road, Coral Gables, FL

33146 to the point where they had left the AC on at 81 degrees Fahrenheit for several months in the blistering Sun of South Florida, resulting in the accumulation of toxic mold in the first floor apartment living unit. They also left food inside the property in the cabinets and in the refrigerator, resulting in the accumulation of cockroaches in addition to the moldy food that was left outside.

41.     Additionally, the water pipes were installed and approved by the State Court during the course of the guardianship does not drain out because the pipes are clogged, resulting in flooding in the newly installed tile floor.

42.     Posed otherwise, the repairs were superficial and cosmetic, but the substantive underlying problem of clogged pipes was never addressed by the State of Florida and its instrumentalities that it purportedly authorized the Guardian to fix.

43.     Around the same time frame, the State of Florida, Governor, Eleventh Judicial Circuit of Florida, Cueto, and SAYFIE, refused to holding any proceedings related to the process of appointing Plaintiff the Personal Representative of the Estate of Elias B. Rudnikas, notwithstanding the fact that he is the only person entitled to be the Personal Representative of the Estate Marta Santander Rudnikas in light of the fact that Maria Mercedes Rudnikas, exploited her grandmother, by giving away the Law Practice of Elias B. Rudnikas, even though she was disinherited and by misappropriating the incompetent Ward's social security income. The affidavit proving the former will be filled under separate cover and is incorporate by reference. The bank statements proving the misappropriation of the Ward's social security income by Maria Mercedes Rudnikas is incorporated by reference and will be proven by a third party subpoenas to the Social Security Administration or BankUnited. The trade secrets of the Law Practice of Elias B. Rudnikas, including the passwords to websites and his Federal Maritime Law Practice law practice legal databases is incorporated by reference and will be filed under separate cover under seal.

44.     Further, around the same time, as stated briefly supra, Plaintiff came across circumstantial evidence at the homestead property at 319 Bird, Coral Gables, FL 33146 indicating and suggesting that Maria Mercedes Rudnikas, illicitly accessed the protected computers of Fidelity on their websites and servers, that permit one to access the fidelity retirement account of Marta Santander Rudnikas, without authorization, in violation of the Computer Fraud and Abuse Act.

45.     Shortly thereafter, Plaintiff contacted Fidelity's fraud department to inform them of same. Fidelity's fraud department, in essence, told Plaintiff to go pound sand and didn't pay attention to his reports. Thereafter, Fidelity sent a letter to his homestead property indicating that Fidelity is not even recognizing that Marta Santander Rudnikas is dead and not even recognizing that they have an obligation to deposit her retirement accounts funds in the court restricted depository at Seacoast Bank for the Guardianship of Marta Santander Rudnikas. The letter is incorporated by reference.

46.     On November 12, 2024, at approximately 1:30 in the morning, Maria Mercedes Rudnikas sent somebody to Plaintiff's homestead property in a bad faith attempt to steal the mail in the mailbox presumably in an effort to retrieve the letter addressed to the name of Marta Santander Rudnikas that shows that Fidelity still thinks the Ward is alive. The camera photo captured on the ring is incorporated by reference.

47.     Further, after Plaintiff and his attorney in the Guardianship of Marta Santander Rudnikas, told Fidelity not to produce any records regarding the subpoena that was served, as ordered by United States Magistrate Judge Sanchez, Fidelity sent Plaintiff an email acknowledging receipt of the email and  thereafter, sent him a certified letter via UPS cc'g George Bartram Billbrough, stating that they would not producing any records not now nor in the future for the accounts in the name of "Maria S. Rudnikas" even though he never requested records for a person with that name. The letter is incorporated by reference.

48.     Posed otherwise, the second letter of Fidelity indicating that they would not be producing any records in response to the subpoena, not now nor in the future, is strong evidence that suggests that Maria Mercedes Rudnikas, has been illicitly accessing the protected computers of Fidelity, on their websites and servers, without authorization, with respect to the account of Marta Santander Rudnikas and passing herself off as "Maria S. Rudnikas."

49.     The letter further indicates that Fidelity is deliberately indifferent to what Maria Mercedes Rudnikas is doing and that they are therefore conspiring with Maria Mercedes Rudnikas within the meaning of 18 U.S.C. 1030 to access, without authorization, their own protected computers via their websites and servers, to access a fidelity retirement account of the State of Florida's Ward that should have been placed in the Guardianship of Marta Santander Rudnikas restricted depository at seacoast bank as of August 2022.

50.     Plaintiff has incurred damages and losses aggregating over the statutory minimum of $5,000.000 because of the deliberate indifference of Fidelity towards Plaintiff's property rights.

51.     Plaintiff incorporates the rest of the docket of the all the related cases pending in the Eleventh Judicial Circuit of Florida and the Southern District of Florida that are not already addressed here and of which this Court can take judicial notice.

### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABLITIES ACT
### (42 U.S.C. § 12132 *et. seq*)

52.     Plaintiff reavers and realleges paragraphs 1-51 as if set forth fully here in as to Defendants DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Sayfie, Cueto, and Cuello and further alleges the following:

### UNCONSTITUTIONAL DENIAL OF EQUAL AND MEANINGFUL ACCESS TO THE STATE COURT PROCEEDINGS

53.     Defendant, State of Florida, DeSantis, the Eleventh Judicial Circuit of Florida, Sayfie, Cueto discriminated against Plaintiff, on the basis of their disabilities, denying the Ward and Plaintiff meaningful and equal access, benefits, services, to the state court proceedings pending in Miami Dade County, by denying Plaintiff and the Ward their Fourteenth Amendment Constitutional Fundamental Right of Meaningful and Equal Access to the Courts within the meaning of the U.S Supreme Court's holding in *Tennessee v. Lane*. Specifically, Defendants accomplished this unlawful discriminatory unconstitutional denial of their fundamental right of access to the Courts in the following ways:

54.     Defendants DeSantis, State of Florida, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie, discriminated against Plaintiff  denying him equal access, benefits and services, and his fundamental constitutional right of access to the Court's by refusing to hold proceedings to appoint Plaintiff the Personal Representativ of the Estate of Marta S. Rudnikas. Plaintiff is otherwise qualified, with or without reasonable accommodation to be appointed the Personal Representative of the Estate of Marta Santander Rudnikas. Appointing Benzo Elias Rudnikas would not cause a fundamental alteration or undue burden to the Eleventh Judicial Circuit's probate proceedings because the only other person that had a remote chance of being

named the Personal Representative forfeited that right as operation of Florida Law, when she misappropriated her grandmother's social security income.

55.    DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Sayfie and Cueto, discriminated against Plaintiff, on the basis of his disability and federally protected activities, via disparate treatment, denying him equal benefits, access, and services by refusing to hold proceedings to name Plaintiff the Personal Representative of the Estate of Marta Santander Rudnikas, while simultaneously holding hundreds of proceedings to name other personal representatives and fiduciaries that involved non disabled litigants during the same time period.

56.    Plaintiff is entitled to injunctive relief.

57.    Plaintiff is entitled to damages to the State of Florida's deliberate indifference to his federal disability rights.

58.    Plaintiff is entitled to reasonable attorney's fees and costs.

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**
**(29 U.S.C. § 794 _et. seq_)**

59. Plaintiff reavers and realleges paragraphs 1-51 as if set forth fully herein as to Defendants, State of Florida, DeSantis ,The Eleventh Judicial Circuit of Florida, Cueto, and Sayfie and further states:

RETALIATION

60. Section 504 of the RA incorporates the Anti- Retaliation Provision of Title V of the ADA as well as the same remedies and procedures set forth in the Civil Rights Act of 1964, which prohibits state criminal prosecutions of federally protected activities under laws providing for equal civil rights including Section 504 and the ADA.

61. Plaintiff engaged in the federally protected activity of filing and participating in his ADA lawsuits against the State of Florida: Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM and Rudnikas v. State of Florida; Case # 24-CV-22031-JEM.

62. Plaintiff suffered the adverse action of the State of Florida charging him the crime of the criminal contempt for Plaintiff's participation in his Federally protected activity via the recording of the federal lis pendens for the 3670 commercial property based on the ADA lawsuit against the State of Florida.

63. There is a casual relation between the protected activity and the adverse action because the State of Florida has charged Plaintiff directly with criminal contempt for his

participation in his federally protected activity. Had it not been for his participation in his federally protected activity, the State would have not charged him as noted by the fact that they did not find that the December 21, 2023 successful pro se Motion to Disqualify as being a violation of the May 22, 2023 Order that the previous Judge disqualified for issuing. Further as explained supra, casual relation is established through temporal proximity as a matter of law.

64. Defendant State of Florida retaliated against Plaintiff, on the basis of his federally protected activities in violation of Title V of the ADA that is incorporated into the RA.

    DISCRIMINATROY UNCONSTIUTIONAL DENIAL OF ACCESS TO THE COURTS

65. Defendant, State of Florida, DeSantis, the Eleventh Judicial Circuit of Florida, Sayfie, Cueto discriminated against Plaintiff, on the basis of their disabilities, denying the Ward and Plaintiff meaningful and equal access, benefits, services, to the state court proceedings pending in Miami Dade County, by denying Plaintiff and the Ward their Fourteenth Amendment Constitutional Fundamental Right of Meaningful and Equal Access to the Courts within the meaning of the U.S Supreme Court's holding in *Tennessee v. Lane*. Specifically, Defendants accomplished this unlawful discriminatory unconstitutional denial of their fundamental right of access to the Courts in the following ways:

66. Defendants DeSantis, State of Florida, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie, discriminated against Plaintiff  denying him equal access, benefits and services, and his fundamental constitutional right of access to the Court's by refusing to hold proceedings to appoint Plaintiff the Personal Representative of the Estate of Marta S. Rudnikas. Plaintiff is otherwise qualified, with or without reasonable accommodation to be appointed the Personal Representative of the Estate of Marta Santander Rudnikas. Appointing Benzo Elias Rudnikas would not cause a fundamental alteration or undue burden to the Eleventh Judicial Circuit's probate proceedings because the only other person that had a remote chance of being named the Personal Representative forfeited that right as operation of Florida Law, when she misappropriated her grandmother's social security income under the applicable florida statutes.

67. DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Sayfie and Cueto, discriminated against Plaintiff, on the basis of his disability and federally protected

activities, via disparate treatment, denying him equal benefits, access, and services by refusing to hold proceedings to name Plaintiff the Personal Representative of the Estate of Marta Santander Rudnikas, while simultaneously holding hundreds of proceedings to name other personal representatives and fiduciaries that involved non disabled litigants during the same time period.

## RELIEF SOUGHT

68. Plaintiff is entitled to injunctive relief.

69. Plaintiff is entitled to damages to the State of Florida's deliberate indifference to his federal disability rights.

70. Plaintiff is entitled to reasonable attorney's fees and costs.

## VIOLATION OF TITLE V OF THE AMERICANS WITH DISABLITIES ACT
## (42 U.S.C. § 12203 *et. seg*)

71. Plaintiff reavers and realleges paragraphs 1-51 as if set forth fully here in as to all Defendants and further alleges the following:

72. 42 U.S.C. § 12203 states:

> "(a)Retaliation
> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
> (b)Interference, coercion, or intimidation
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
> (c)Remedies and procedures
> The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to subchapter I, subchapter II and subchapter III, respectively."

73. Plaintiff engaged in the federally protected activity of filing and participating in his ADA lawsuits against the State of Florida: Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM and Rudnikas v. State of Florida; Case # 24-CV-22031-JEM.

74. Plaintiff suffered the adverse action of the State of Florida charging him the crime of the criminal contempt for Plaintiff's participation in his Federally protected activity via the recording of the federal lis pendens for the 3670 commercial property based on the ADA lawsuit against the State of Florida.

75. There is a casual relation between the protected activity and the adverse action because the State of Florida has charged Plaintiff directly with criminal contempt for his participation in his federally protected activity. Had it not been for his participation in his federally protected activity, the State would have not charged him as noted by the fact that they did not find that the December 21, 2023 successful pro se Motion to Disqualify as being a violation of the May 22, 2023 Order that the previous Judge disqualified for issuing. Further as explained supra, casual relation is established through temporal proximity as a matter of law.

## INTIMIDATION AND COERCION

76. Defendant(s), STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, GOVERNOR, CUETO, SAYFIE; retaliated against Plaintiff, on account of Plaintiff's protected activity and protected exercise of filing, participating in. and prosecuting his protected Federal ADA lawsuit: Rudnikas v. State of Florida, et. al.; on behalf of his incompetent grandmother and himself via recording the Federal Lis Pendens, in violation of this chapter, by initiating a retaliatory ex post facto criminal prosecution in violation of his due process rights applicable to the State of Florida via the Fourteenth Amendment. *See* State of Florida v. Rudnikas; Case # 24-CV-22733-JEM.

77. Plaintiff suffered the injury of not being able to object to the inflated exparte attorneys fees that seeks to deprive Plaintiff of his inheritance because of the State of Florida's unlawful ADA coercion and intimidation.

## RELIEF SOUGHT

78. Plaintiff is entitled to injunctive relief.

79. Plaintiff is entitled to damages due to the State's deliberate indifference to his federal disability rights.

80. Plaintiff is entitled to reasonable attorney's fees and costs.

## **TORTIOUS INTERFERANCE WITH AN INHERITANCE**

81. Plaintiff reavers and realleges paragraphs 1-51 as to Defendants, MMR and FIDELITY and further states the following:

82. Plaintiff had an expectancy to receive his inheritance from his grandmother, Marta Santander Rudnikas.

83. This expectancy included the Fidelity Retirement Account in the name of Marta Santander Rudnikas that should have been deposited in the Seacoast Bank Restricted Court monitored frozen account in the custody of the Guardianship of Marta Santander Rudnikas that has been removed to Federal Court.

84. FIDELITY AND MMR, tortiously interfered with Plaintiff's inheritance from Marta Santander Rudnikas by conspiring together to not place the Fidelity Retirement account of Marta Santander Rudnikas into the Court Restricted Guardianship depository at Seacoast bank.

85. As a proximate cause of this tortious conduct caused by the Defendants', Plaintiff has suffered damages to his inheritance.

86. Plaintiff is entitled to compensatory damages.

<b><u>VIOLATION OF COMPUTER FRAUD AND ABUSE ACT</u></b><br><b><u>(18 U.S.C. § 1030 <i>et. seq.</i>)</u></b>

87. Plaintiff reavers and realleges paragraphs 1-51 as if set forth fully herein as to FIDELITY and MMR and further states the following:

88. Defendants, MMR accessed the protected computers at Fidelity, through their websites and servers, without authorization, by accessing the accounts of Marta Santander Rudnikas, with no court approval and without notifying the Guardianship of Marta Santander Rudnikas nor the Estate of Marta Santander Rudnikas. Upon information and belief MMR misappropriated the retirement account in the name of Marta Santander Rudnikas during relevant the time frame immediately preceding the death of Elias B. Rudnikas on November 17, 2021 to the present.

89. Defendant, FIDELITY, conspired with MMR with the meaning of the CFFA, to commit these CFAA violations by taking no corrective action whatsoever to address the illicit conduct once they were notified of same by Plantiff.

90. Plaintiff has incurred damages and loss aggregating over $5,000.00.

91. Plaintiff is entitled to compensatory damages.

## VIOLATION OF FEDERAL DEFEND TRADE SECRETS ACT
### ( 18 U.S.C. § 1836 *et. seq.)*

92. Plaintiff reavers and realleges paragraphs 1-51 as if set forth fully herein and further alleges the following:

93. Plaintiff is the equitable owner of the trade secrets of the Law Practice of Elias B. Rudnikas and became the equitable owner on May 29, 2024 via the laws of inestate succession under Florida's Anti-Lapse Statute, upon the death of his grandmother Marta Santander Rudnikas.

94. Consistent with U.S Magistrate Judge Eduardo Sanchez's R & R, the Law Practice of Elias B. Rudnikas was illicility continued by SGPA. Jacinto Gonzalez, the Vice President of SGPA, admitted same on facebook that he continued the Law Practice of Elias B. Rudnikas. The relevant screenshot of same can be authenticated at the appropriate time and is subject to judicial notice. Further, the continuation of the law practice is proven by the fact that Stokes & Gonzalez PA took over Elias B. Rudnikas's cell phone and his websites: sealaw.com; leymaritima.com and Rudnikas.com.

95. Consistent with U.S Magistrate Judge Eduardo Sanchez's R &R, the law practice trade trade secrets were used in and affected interstate commerce because the international federal maritime law practice of Elias b. Rudnikas was engaged in economic transactions within the State of Florida, across state lines, and in foreign states. Many of the arbitrations took place in several other countries and continents despite the fact the law practice mainly operated from an office located at 3670 NW 6th Street, Miami, FL 33125 and from an office Elias B. Rudnikas maintained in the foreign nation state of Honduras.

96. Consistent with U.S Magistrate Judge Eduardo Sanchez's R & R, Plaintiff took reasonably measures to keep the law practice trade secrets from disclosure by not disclosing same when he became the equitable owner on May 29, 2024. Unfortunately, they had already been disclosed and misappropriated three years earlier by Stokes & Gonzalez PA and MMR. See affidavit to be filed under separate cover and incorporated by reference.

97. Defendants, SGPA and MMR, misappropriated the trade secrets belonging to Plaintiff in violation of this section, without his consent or authorization, with respect to the Law Practice of Elias B. Rudnikas including the passwords to the law practice websites sealaw.com; leymaritima.com; Rudnikas.com and databases of the Law Practice of Elias

B. Rudnikas, will be filed by under separate cover under seal and is incorporated by reference.

98. Consistent with U.S Magistrate Eduardo Sanchez's Report & Recommendation, Plaintiff and not the Personal Representative of the Estate of Elias B. Rudnikas is the proper person to bring this lawsuit because the statute permits those who have equitable title to the trade secrets, not just legal title, to bring suit under the Act. Further, the Personal Representative of the Estate of Elias B. Rudnikas has a conflict of interest because her daughter MMR is the person responsible for conspired with Stokes & Gonzalez PA to misappropriate the subject trade secrets as noted by the affidavit of MMR that is incorporated by reference and will be filed under separate cover.

99. Plaintiff has incurred article III injury via economic damages to his inheritance.

100.    Plaintiff is entitled to injunctive relief.

101.    Plaintiff is entitled to compensatory damages.

102.    Plaintiff is entitled to reasonable attorneys fees and costs.

**DECLARATORY JUDGMENT**
**(F.S. 86.041)**

103.    Plaintiff reavers and realleges paragraphs 1-51 as if set forth fully herein as to Defendant, MMR and further alleges the following:

104.    An actual dispute and controversy exists between Plaintiff and MMR.

105.    Specifically, Plaintiff contends that, by operation of Florida Law via F.S. 732.8031., MMR is disinherited from her grandmother Marta Santander Rudnikas because the misappropriation by MMR of her grandmother's social security income while her grandmother was alive constitutes exploitation of a disabled vulnerable adult. MMR denies that she is disinherited by operation of Florida Law.

106.    A declaration is necessary to declare the respective rights and obligations of the parties.

107.    Plaintiff is entitled to a declaratory judgment declaring that he is the sole beneficiary of the Estate of Marta Santander Rudnikas

108.    Plaintiff is entitled to reasonable attorneys fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter:

1) A preliminary, permanent injunction against Defendant DeSantis, State of Florida, Eleventh Judicial Circuit of Florida, Cueto, and Sayfie enjoining them from pursuing any criminal contempt proceedings in retaliation for Plaintiff's federally protected activity of participating in his Federal ADA lawsuit (via recording a lis pendens).

2) A permanent injunction restoring the status quo in the event that they try to proceed with any criminal contempt proceedings because of Plaintiff's Federally Protected Activity.

3) An injunction against Defendants De Santis, State of Florida, its arm the Eleventh Judicial Circuit of Florida, Cueto, Sayfie, requiring them to name Plaintiff the Personal Representative of the Estate of Marta Santander Rudnikas.

4) An injunction prohibiting Defendants DeSantis, State of Florida, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie from granting the Letters of Administration to any individual other than Plaintiff and to restore the status quo in the event that do so in contempt of this Court.

5) An injunction requiring Defendants DeSantis, State of Florida, the Eleventh Judicial Circuit of Florida, Cueto and Sayfie to transfer title to 3670 NW 6th Street, Miami, FL 33125 to Benzo Elias Rudnikas as the beneficiary of the Estate of Marta Santander Rudnikas and as the Personal Representative of the Estate of Elias B. Rudnikas, whom inherits the property as matter of law under Florida's Anti-Lapse Statute.

6) An injunction requiring Defendants DeSantis, State of florida, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie to disgorge the exparte fees they did not Planitiff object to in violation of the ADA coercion clause or in the alternative, to deem the fees payable by Alex Cuello and Elena Z. George, personally, invidiuallly in lieu of from Plaintiff's assets in light of the fact they had an obligation to object, but refused to do so in bad faith.

7) An injunction restraining the Eleventh Judicial Circuit of Florida from further intimidating Plaintiff with the threat of baseless criminal contempt proceedings to incarcerate Plaintiff for his federally protected activity.

8) An injunction requiring the state defendants to pay for the repairs at 319 Bird Road that occurred solely because of their deliberate indifference to Plaintiff's federal disability rights.

9) A federal receivership under Fed. R. Civ. P. 66 over Defendant SGPA.

10) A declaratory judgment deeming Plaintiff the sole beneficiary of the Estate of Marta Santander Rudnikas.

11) An Order awarding compensatory damages against all Defendants to be determined at trial for the respective claims asserted against each Defendant..

12) An Order awarding Plaintiff reasonable attorney's fees and costs.

13) Any other relief the Courts deems just, proper, and equitable.

## **JURY DEMAND**

Plaintiff demands a jury on all issues so triable.

Dated this 18th day of November 2024.

Benzo Elias Rudnikas, Plaintiff
319 Bird Road, Unit 321
Miami, FL 33146
(305) 213-9889
benzo.rudnikas@gmail.com
benzo@rudnikaslaw.com